UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| TRUSTEES OF THE PAVERS AND ROAD BUILDERS DISTRICT COUNCIL WELFARE, PENSION, AND ANNUITY FUNDS AND THE TRUSTEES OF THE LOCAL 1010 APPRENTICESHIP, SKILL IMPROVEMENT, AND TRAINING FUND,<br>Plaintiffs,<br>-against-<br>SKY HEIGHTS CONSTRUCTION CORP., 2 SAAB CONSTRUCTION, AND FRANKENMUTH INSURANCE COMPANY,<br>Defendants. | 26 CV<br>**COMPLAINT** |

Plaintiffs, by their attorneys, Virginia & Ambinder, LLP, for their Complaint, allege as follows:

## NATURE OF THE ACTION

1. This is a civil action brought pursuant to Sections 502(a)(3) and 515 of the Employee Retirement Income Security Act ("ERISA") of 1974, as amended, 29 U.S.C. §§ 1132(a)(3), 1145, Section 301 of the Labor-Management Relations Act ("LMRA") of 1947, 29 U.S.C. § 185, New York Labor Law ("NYLL") § 220-g, and common-law bond principles, to recover delinquent employer contributions to a group of employee benefit plans.

## JURISDICTION AND VENUE

2. This Court has jurisdiction over this action pursuant to Sections 502(e)(1) and (f) and 515 of ERISA, 29 U.S.C. §§ 1132(e)(1) and (f) and 1145; Section 301 of the LMRA, 29 U.S.C. § 185. This Court has supplemental jurisdiction over Plaintiffs' state law and common law claims pursuant to 28 U.S.C. § 1367(a), as those claims are so related to the federal claims that they form part of the same case or controversy.

3. Venue is proper in this district pursuant to Section 502(e)(2) of ERISA, 29 U.S.C. § 1132(e)(2), and Section 301 of the LMRA, 29 U.S.C. § 185.

## THE PARTIES

4. Plaintiffs Trustees of the Pavers and Road Builders District Council Welfare, Pension, and Annuity Funds and the Trustees of the Local 1010 Apprenticeship, Skill Improvement and Training Fund (the "Funds") are employer and employee trustees of multiemployer labor-management trust funds organized and operated in accordance with Section 302(c) of the LMRA, 29 U.S.C. § 186(c). The Funds are employee benefit plans within the meaning of Section 3(3) of ERISA, 29 U.S.C. § 1002(3), and are administered at 17-20 Whitestone Expressway, Suite 200, Whitestone, New York 11357.

5. Defendant Sky Heights Construction Corp. ("Sky Heights") is a business corporation organized under the laws of the State of New York and authorized to conduct business in New York, with its principal place of business at 17 28th Avenue, Brooklyn, New York, 11214, and is engaged in the construction business. At all relevant times, Sky Heights was an employer within the meaning of section 3(5) of ERISA, 29 U.S.C. § 1002(5), and was an employer in an industry affecting commerce within the meaning of section 501 of the LMRA, 29 U.S.C. § 142.

6. The New York Department of State Division of Corporations lists "The Corporation," with an address of 17 28th Avenue, Brooklyn, New York 11214, as the post office address to which the Secretary of State shall mail a copy of any process against the corporation served upon the Secretary of State by personal delivery.

7. The New York Department of State Division of Corporations lists "Narasab Ali," with an address of 2920 Coney Island Avenue, Brooklyn, New York 11235, as Sky Heights's Chief Executive Officer.

8. The most recent business address of Sky Heights known to the Funds is 17 28th Avenue, Brooklyn, New York 11214.

9. Defendant 2 Saab Construction Inc. ("Saab") is a business corporation, incorporated under the laws of the State of New York, authorized to do business in the State of New York, with its principal place of business located at 3084 Coney Island Avenue, Brooklyn, New York 11235.

10. The New York Department of State Division of Corporations lists "The Corporation," with an address of 3084 Coney Island Avenue, Brooklyn, New York 11235, as the post office address to which the Secretary of State shall mail a copy of any process against Saab served upon the Secretary of State by personal delivery.

11. The New York Department of State Division of Corporations lists "Imran Alam," with an address of 3084 Coney Island Avenue, Brooklyn, New York 11235, as Saab's Chief Executive Officer.

12. Defendant Frankenmuth Insurance Company ("FIC") is a surety authorized by the New York State Department of Financial Services. FIC issued a payment bond to Saab, as required by State Finance Law § 137, guaranteeing payment of all wages and benefits owed by Saab, and any of its subcontractors, including Sky Heights, on the New York City School Construction Authority ("SCA") project "I.S. 171K," Contract No. C000080734. FIC maintains its principal place of business at One Mutual Avenue, Frankenmuth, MI 48787.

## STATEMENT OF FACTS

### The Collective Bargaining Agreement

13. At relevant times herein, Sky Heights was a party to, or manifested an intention to be bound by, a collective bargaining agreement (the "CBA") with the Highway, Road and Street Construction Laborers Local Union 1010 (the "Union").

14. The CBA provides that the "[e]mployer is bound by all of the terms and conditions of the Agreements and Declarations of Trust with respect to the Welfare Fund, Pension Fund, Training Fund and Annuity Fund, which Agreements and Declarations of Trust are hereby made part of this [CBA] and are incorporated herein."

15. The Trust Agreements provide that in operating and administering the Funds, the Board of Trustees shall have the "exclusive right to interpret the Plan and decide any matters arising thereunder in connection with the administration of the Plan" and "may from time to time establish rules for the administration of the Plan and the transaction of business."

16. Pursuant to the Trust Agreements, the Trustees of the Funds promulgated a Policy for Collection of Delinquent Fringe Benefit Contributions (the "Collection Policy").

17. The CBA requires Sky Heights to remit specified benefit contributions to the Funds and related entities on behalf of which the Funds act as collection agents, in connection with all work performed within the trade and geographical jurisdiction of the Union ("Covered Work").

18. Additionally, the CBA requires Sky Heights to forward specified dues check-offs and other contributions to the Union ("union assessments") for each hour of Covered Work performed by Sky Height's employees.

19. Under the CBA and Collection Policy, Sky Heights is required to remit its contributions to the Funds on or before the 35th day following the close of the month in which the

hours were worked. Amounts are determined by multiplying specified hourly contribution rates by the number of hours of Covered Work performed in the respective reporting period.

20. To enable the Funds to administer this contribution requirement, under the CBA and Collection Policy, Sky Heights was and is required to submit remittance reports to the Funds detailing the number of hours of Covered Work performed by each of its employees on or before the 35th day following the close of the month in which the hours were worked.

21. Under the CBA and Collection Policy, if an employer fails to pay contributions when due, the employer is liable to the Funds for interest on the amount of the unpaid contributions at the rate of ten percent (10%) *per annum*, as well as liquidated damages in the amount of ten percent (10%) of the contributions determined to be due and owing.

22. Pursuant to the CBA and Collection Policy, in the event the Funds are required to employ an attorney to collect delinquent benefit contributions, the employer is obligated to pay to the Funds its attorneys' fees.

23. Article II of the Collection Policy provides that if an employer fails to make contributions when due, the employer is liable to the Funds for interest on the amount of unpaid contributions at the rate of ten percent (10%) per annum, liquidated damages in the amount of ten percent (10%) of the amount of the unpaid contributions determined to be due and owing, reasonable audit and collections expenses, and attorneys' fees and costs.

24. Section 301 of the LMRA, 29 U.S.C. § 185, authorizes this Court to enforce the CBA. In addition, Section 515 of ERISA provides that "[e]very employer who is obligated to make contributions to a multiemployer plan under the terms of the plan or under the terms of a collectively bargained agreement shall, to the extent not inconsistent with law, make such

contributions in accordance with the terms and conditions of such plan or such agreement." 29 U.S.C. § 1145.

**<u>Delinquent Contributions and Late Payment Interest</u>**

25. The CBA and Collection Policy require Sky Heights *inter alia* to report to the Funds the number of hours of Covered Work performed by each of its employees and to submit corresponding benefit contributions and union assessments in accordance with the rates set forth in the CBA.

26. Sky Heights failed to timely submit contributions to the Funds by their respective due dates for the period June 2024, November 2024, and January through April 2025, thereby incurring late payment interest totaling $4,599.68.

27. Based on remittance reports submitted by Sky Heights, the Funds determined that Sky Heights failed to remit contributions of $44,734.43, union assessments of $2,071.48, and dues check-offs of $1,141.43 for Covered Work performed on the Project for May 2025 and August 2025 through February 2026.

28. Accordingly, Sky Heights failed to remit all required contributions to the Funds, including contributions due under NYLL § 220-g, in connection with Covered Work performed on the Project.

29. Saab served as the general contractor on the Project and subcontracted work to Sky Heights. Pursuant to NYLL § 220-g, Saab is jointly and severally liable for the unpaid contributions and interest arising from Sky Height's work on the Project.

30. FIC issued a payment bond, as required by State Finance Law § 137, guaranteeing payment of wages and benefits owed by Saab and/or its subcontractors, including Sky Heights, in connection with work performed on the Project.

31. By issuing the payment bond, FIC assumed liability for the payment of all contributions owed by Sky Heights in connection with work it performed on the Project.

32. Pursuant to the CBA, the Collection Policy, and the documents and instruments governing the Funds, and Section 502(g)(2) and 515 of ERISA, 29 U.S.C. §1132(g)(2) and 1145, and Section 301 of the LMRA, 29 U.S.C. § 185, Sky Heights is liable to the Funds for: (1) contributions of $44,734.43, union assessments of $2,071.48, and dues check-offs of $1,141.43 for Covered Work performed on the Project for May 2025 and August 2025 through February 2026; (2) interest on the unpaid contributions at an annual rate of ten percent (10%); (3) liquidated damages of ten percent (10%) of the principal amount of the delinquency; (4) late payment interest of $4,599.68; (5) all reasonable attorneys' fees and costs incurred by Plaintiffs; and (6) other such legal or equitable relief the Court deems appropriate.

33. Pursuant to NYLL § 220-g, Sky Heights, Saab, and FIC are jointly and severally liable to the Funds for all unpaid contributions, union assessments, dues check-offs, and interest arising from Covered Work performed by Sky Heights on the Project.

**FIRST CLAIM FOR RELIEF AGAINST SKY HEIGHTS**

*Unpaid Contributions Under 29 U.S.C. § 1145*

34. Plaintiffs repeat, reiterate, and re-allege each and every allegation set forth above and incorporate them herein by reference.

35. Section 515 of ERISA, 29 U.S.C. § 1145, provides that employers "obligated to make contributions to a multiemployer plan under the terms of the plan or under the terms of a collectively bargained agreement shall . . . make such contributions in accordance with the terms and conditions of such plan or such agreement."

36. The CBA requires Sky Heights to remit benefit contributions to Plaintiffs for all Covered Work it performed.

37. Based on remittance reports submitted by Sky Heights, the Funds determined that Sky Heights failed to remit contributions of $44,734.43, union assessments of $2,071.48, and dues check-offs of $1,141.43 for Covered Work performed on the Project for May 2025 and August 2025 through February 2026.

38. Pursuant to the CBA, the documents and instruments governing the Funds, and ERISA sections 502(a)(3), 502(g)(2), and 515, 29 U.S.C. §§ 1132(a)(3), (g)(2) and 29 U.S.C. § 1145, Sky Heights is liable to the Funds for: (1) contributions of $44,734.43 for Covered Work performed on the Project for May 2025 and August 2025 through February 2026; (2) interest on the unpaid contributions at an annual rate of ten percent (10%); (3) liquidated damages of ten percent (10%) of the principal amount of the contribution delinquency; (4) all reasonable attorneys' fees and costs incurred by Plaintiffs; and (5) such other legal or equitable relief as the Court deems appropriate.

**SECOND CLAIM FOR RELIEF AGAINST SKY HEIGHTS**

*Violation of Collective Bargaining Agreement Under 29 U.S.C. § 185*

39. Plaintiffs repeat, reiterate, and re-allege each and every allegation set forth above and incorporate them herein by reference.

40. Section 301 of the LMRA, 29 U.S.C. § 185, authorizes the Funds, as third-party beneficiaries to the CBA, to file a federal lawsuit regarding an employer's violation of that CBA.

41. Sky Heights violated the terms of the CBA when it failed to timely remit contributions for June 2024, November 2024, and January through April 2025, thereby incurring late payment interest of $4,599.68.

42. Sky Heights violated the terms of the CBA when it failed to remit contributions, union assessments, and dues check-offs for May 2025 and August 2025 through February 2026.

43. Pursuant to the CBA, the documents and instruments governing the Funds, Section 301 of the LMRA, 29 U.S.C. § 185, Sky Heights is liable to Plaintiffs for: (1) contributions of $44,734.43, union assessments of $2,071.48, and dues check-offs of $1,141.43 for Covered Work performed on the Project for May 2025 and August 2025 through February 2026; (2) interest on the unpaid contributions at an annual rate of ten percent (10%); (3) liquidated damages of ten percent (10%) of the principal amount of the delinquency; (4) late payment interest of $4,599.68; (5) all reasonable attorneys' fees and costs incurred by Plaintiffs; and (6) such other legal or equitable relief as the Court deems appropriate.

44. As a result of Sky Height's violations, Plaintiffs are entitled to damages and other equitable relief pursuant to section 301 of the LMRA, 29 U.S.C. § 185.

**THIRD CLAIM FOR RELIEF**
**AGAINST DEFENDANTS SKY HEIGHTS, SAAB AND FIC**
*Violation of NYLL § 220-g*

45. The Funds repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

46. New York Labor Law § 220-g provides that an employee that furnished labor to either the contractor or subcontractor may bring an action to recover unpaid wages and supplements, including interest, against the contractor, subcontractor-employer or bonding company.

47. As supplemental benefit funds entitled to receive payments of supplemental benefits on behalf of Sky Height's employees, the Funds are entitled to recover any underpayments for work performed by said employees.

48. As a subcontractor-employer on the Project, Sky Heights is liable to the Funds for any unpaid benefit contributions in connection with Covered Work performed on the Project.

49. Pursuant to NYLL § 220-g, as the general contractor on the Project and the principal on the payment bond issued by FIC, Defendant Saab is jointly and severally liable to the Funds for payment of any and all unpaid benefit contributions due and owing as a result of Sky Height's failure to pay benefits in connection with Covered Work performed on the Project.

50. By issuing a payment bond to Saab, FIC assumed joint and several liability with Saab for any and all benefit contributions owed by Saab and its subcontractors, including Sky Heights, in connection with Covered Work its employees performed on the Project.

51. Sky Heights failed to make all supplemental benefit payments to the Funds in connection with work performed by its employees on the Project.

52. In accordance with NYLL § 220-g, this action has been brought within one year of the date of the last alleged underpayment.

53. Therefore, Defendants Sky Heights, Saab, and FIC are required to make payment to the Funds for the contributions due and owing by Sky Heights, plus interest, on the Projects.

## FOURTH CLAIM FOR RELIEF AGAINST FIC

*Common Law Claim Against the Bond*

54. The Funds repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

55. FIC issued a common-law bond on the Project.

56. Pursuant to the common-law bond, FIC guaranteed the payment of benefits to Sky Heights' employees on the Project and thereby assumed joint and several liability to pay any and all benefits due and owing as a result of Sky Heights' failure to pay benefits for work performed on the Project.

57. Sky Heights failed to make all required payments to the Funds for work performed by its employees on the Project.

58. Therefore, under the common-law bond and pursuant to the principles of common-law suretyship, FIC are required to make payment to the Funds for all contributions due and owing by Sky Heights, plus interest, on the Project.

**WHEREFORE**, Plaintiffs respectfully request that this Court:

A. On Plaintiffs' First Claim for Relief against Sky Heights, enter judgment ordering Sky Heights to pay Plaintiffs: (1) contributions of $44,734.43 Covered Work performed on the Project for May 2025 and August 2025 through February 2026; (2) interest on all delinquent contributions at an annual rate of ten percent (10%); (3) liquidated damages in the amount of ten percent (10%) of the delinquent contributions adjudged to be due and owing; (4) all reasonable attorneys' fees and costs incurred by Plaintiffs; and (5) such other legal or equitable relief as the Court deems appropriate;

B. On Plaintiffs' Second Claim for Relief against Sky Heights, enter judgment ordering Sky Heights to pay Plaintiffs: (1) late payment interest of $4,599.68 for the periods June 2024, November 2024, and January through April 2025; (2) contributions of $44,734.43, union assessments of $2,071.48, and dues check-offs of $1,141.43 for Covered Work performed on the Project for May 2025 and August 2025 through February 2026; (3) interest on all delinquent contributions at an annual rate of ten percent (10%); (4) liquidated damages in the amount of ten percent (10%) of the delinquent contributions adjudged to be due and owing; (5) all reasonable attorneys' fees and costs incurred by Plaintiffs; and (6) such other legal or equitable relief as the Court deems appropriate;

C. On Plaintiffs' Third Claim for Relief against Defendants Sky Heights, Saab, and FIC, enter judgment declaring that Sky Heights, Saab, and FIC are jointly and severally

liable to Plaintiffs pursuant to NYLL § 220-g for all unpaid contributions, union assessments, dues check-offs, and interest arising from Covered Work performed by Sky Heights on the Project, and ordering Defendants to pay all such amounts, together with interest and costs;

D. On Plaintiffs' Fourth Claim for Relief against FIC, enter judgment declaring that FIC is liable to Plaintiffs under the common-law bond and principles of common-law suretyship for all contributions due and owing by Sky Heights in connection with work performed on the Project, together with interest and costs; and

E. Award Plaintiffs such other and further relief as the Court may deem just and proper.

Dated: New York, New York
April 10, 2026

Respectfully submitted,

**VIRGINIA & AMBINDER, LLP**

By: *_/s/Adrianna R. Grancio_*
Adrianna R. Grancio, Esq.
40 Broad Street, 7th Floor
New York, NY 10004
Tel: (212) 943-9080
agrancio@vandallp.com
*Attorneys for Plaintiffs*