UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------------------------X
TRUSTEES OF THE PAVERS AND ROAD BUILDERS DISTRICT COUNCIL WELFARE, PENSION, AND ANNUITY FUNDS AND THE TRUSTEES OF THE LOCAL 1010 APPRENTICESHIP, SKILL IMPROVEMENT, AND TRAINING FUND,

Plaintiffs,

-against-

SKY HEIGHTS CONSTRUCTION CORP., 2 SAAB CONSTRUCTION, AND FRANKENMUTH INSURANCE COMPANY,

Defendants.
----------------------------------------------------------------------X

Case No. 26 CV 2134 (VMS)

ANSWER

Defendant, Sky Heights Construction Corp. (Sky Heights), by counsel, files and serves this Answer to the Complaint of plaintiffs, Trustees of the Pavers and Road Builders District Council Welfare, Pension, and Annuity Funds and the Trustees of the Local 1010 Apprenticeship, Skill Improvement, and Training Fund (collectively, Plaintiffs).

1. The allegations in Paragraph 1 of the Complaint are conclusions of law to which no response is required. To the extent a response is required, Sky Heights denies the allegations in Paragraph 1 of the Complaint and respectfully refers all questions of law to the Court.

2. The allegations in Paragraph 2 of the Complaint are conclusions of law to which no response is required. To the extent a response is required, Sky Heights denies the allegations in Paragraph 2 of the Complaint and respectfully refers all questions of law to the Court.

3. The allegations in Paragraph 3 of the Complaint are conclusions of law to which no response is required. To the extent a response is required, Sky Heights denies the allegations in Paragraph 3 of the Complaint and respectfully refers all questions of law to the Court.

4. The allegations in Paragraph 4 of the Complaint are conclusions of law to which no response is required. To the extent a response is required, Sky Heights denies the allegations in Paragraph 4 of the Complaint and respectfully refers all questions of law to the Court.

5. Sky Heights denies the allegations in Paragraph 5 of the Complaint, except admits it is authorized to conduct business in New York with an address at 17 28th Avenue, Brooklyn, New York 11214.

6. Sky Heights lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 6 of the Complaint.

7. Sky Heights lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 7 of the Complaint, except allege that Narasab Ali is the Chief Executive Officer of Sky Heights.

8. Sky Heights lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 8 of the Complaint.

9. Sky Heights lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 9 of the Complaint.

10. Sky Heights lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 10 of the Complaint.

11. Sky Heights lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 11 of the Complaint.

12. Sky Heights lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 12 of the Complaint.

13. Sky Heights denies the allegations in Paragraph 13 of the Complaint, except admits Sky Heights is a signatory to a collective bargaining agreement and refers the Court to that agreement for its express terms and conditions.

14. Sky Heights denies the allegations in Paragraph 14 of the Complaint, except admits Sky Heights is a signatory to a collective bargaining agreement and refers the Court to that agreement for its express terms and conditions.

15. Sky Heights denies the allegations in Paragraph 15 of the Complaint, except admits Sky Heights is a signatory to a collective bargaining agreement and refers the Court to that agreement for its express terms and conditions.

16. Sky Heights denies the allegations in Paragraph 16 of the Complaint, except admits Sky Heights is a signatory to a collective bargaining agreement and refers the Court to that agreement for its express terms and conditions.

17. Sky Heights denies the allegations in Paragraph 17 of the Complaint, except admits Sky Heights is a signatory to a collective bargaining agreement and refers the Court to that agreement for its express terms and conditions.

18. Sky Heights denies the allegations in Paragraph 18 of the Complaint, except admits Sky Heights is a signatory to a collective bargaining agreement and refers the Court to that agreement for its express terms and conditions.

19. Sky Heights denies the allegations in Paragraph 19 of the Complaint, except admits Sky Heights is a signatory to a collective bargaining agreement and refers the Court to that agreement for its express terms and conditions.

20. Sky Heights denies the allegations in Paragraph 20 of the Complaint, except admits Sky Heights is a signatory to a collective bargaining agreement and refers the Court to that agreement for its express terms and conditions.

21. Sky Heights denies the allegations in Paragraph 21 of the Complaint, except admits Sky Heights is a signatory to a collective bargaining agreement and refers the Court to that agreement for its express terms and conditions.

22. Sky Heights denies the allegations in Paragraph 22 of the Complaint, except admits Sky Heights is a signatory to a collective bargaining agreement and refers the Court to that agreement for its express terms and conditions.

23. Sky Heights denies the allegations in Paragraph 23 of the Complaint, except admits Sky Heights is a signatory to a collective bargaining agreement and refers the Court to that agreement for its express terms and conditions.

24. The allegations in Paragraph 24 of the Complaint are conclusions of law to which no response is required. To the extent a response is required, Sky Heights denies the allegations in Paragraph 24 of the Complaint and respectfully refers all questions of law to the Court.

25. Sky Heights denies the allegations in Paragraph 25 of the Complaint, except admits Sky Heights is a signatory to a collective bargaining agreement and refers the Court to that agreement for its express terms and conditions.

26. Sky Heights denies the allegations in Paragraph 26 of the Complaint.

27. Sky Heights denies the allegations in Paragraph 27 of the Complaint

28. Sky Heights denies the allegations in Paragraph 28 of the Complaint

29. Sky Heights lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 29 of the Complaint.

30. Sky Heights lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 30 of the Complaint.

31. Sky Heights lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 31 of the Complaint.

32. Sky Heights denies the allegations in Paragraph 32 of the Complaint, except admits Sky Heights is a signatory to a collective bargaining agreement and refers the Court to that agreement for its express terms and conditions.

33. The allegations in Paragraph 33 of the Complaint are conclusions of law to which no response is required. To the extent a response is required, Sky Heights denies the allegations in Paragraph 33 of the Complaint and respectfully refers all questions of law to the Court.

34. In response to Paragraph 34 of the Complaint, Sky Heights repeats and realleges each of its responses in Paragraphs 1 through 33 of this Answer as if fully set forth at length herein.

35. The allegations in Paragraph 35 of the Complaint are conclusions of law to which no response is required. To the extent a response is required, Sky Heights denies the allegations in Paragraph 35 of the Complaint and respectfully refers all questions of law to the Court.

36. Sky Heights denies the allegations in Paragraph 36 of the Complaint, except admits Sky Heights is a signatory to a collective bargaining agreement and refers the Court to that agreement for its express terms and conditions.

37. Sky Heights denies the allegations in Paragraph 37 of the Complaint.

38. Sky Heights denies the allegations in Paragraph 38 of the Complaint.

39. In response to Paragraph 39 of the Complaint, Sky Heights repeats and realleges each of its responses in Paragraphs 1 through 38 of this Answer as if fully set forth at length herein.

40. The allegations in Paragraph 40 of the Complaint are conclusions of law to which no response is required. To the extent a response is required, Sky Heights denies the allegations in Paragraph 40 of the Complaint and respectfully refers all questions of law to the Court.

41. Sky Heights denies the allegations in Paragraph 41 of the Complaint.

42. Sky Heights denies the allegations in Paragraph 42 of the Complaint.

43. Sky Heights denies the allegations in Paragraph 43 of the Complaint.

44. Sky Heights denies the allegations in Paragraph 44 of the Complaint.

45. In response to Paragraph 45 of the Complaint, Sky Heights repeats and realleges each of its responses in Paragraphs 1 through 44 of this Answer as if fully set forth at length herein.

46. The allegations in Paragraph 46 of the Complaint are conclusions of law to which no response is required. To the extent a response is required, Sky Heights denies the allegations in Paragraph 46 of the Complaint and respectfully refers all questions of law to the Court.

47. Sky Heights denies the allegations in Paragraph 47 of the Complaint.

48. Sky Heights denies the allegations in Paragraph 48 of the Complaint.

49. The allegations in Paragraph 49 of the Complaint are conclusions of law to which no response is required. To the extent a response is required, Sky Heights denies the allegations in Paragraph 49 of the Complaint and respectfully refers all questions of law to the Court.

50. Sky Heights lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 50 of the Complaint.

51. Sky Heights denies the allegations in Paragraph 51 of the Complaint.

52. The allegations in Paragraph 52 of the Complaint are conclusions of law to which no response is required. To the extent a response is required, Sky Heights denies the allegations in Paragraph 52 of the Complaint and respectfully refers all questions of law to the Court.

53. Sky Heights denies the allegations in Paragraph 53 of the Complaint.

54. In response to Paragraph 54 of the Complaint, Defendants repeat and reallege each of their responses in Paragraphs 1 through 53 of this Answer as if fully set forth at length herein.

55. Sky Heights lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 55 of the Complaint.

56. Sky Heights lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 56 of the Complaint.

57. Sky Heights denies the allegations in Paragraph 57 of the Complaint.

58. Sky Heights lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 58 of the Complaint.

## FIRST AFFIRMATIVE DEFENSE

59. Plaintiffs have failed to state a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

60. Plaintiffs have failed to mitigate their damages, if any.

## THIRD AFFIRMATIVE DEFENSE

61. Upon information and belief, Plaintiffs have failed to comply with conditions precedent to recovery under the Collective Bargaining Agreement.

## FOURTH AFFIRMATIVE DEFENSE

62. Upon information and belief, Plaintiffs have waived their claims under the CBA.

## FIFTH AFFIRMATIVE DEFENSE

63. The amount Plaintiffs claim as due and owing is overstated and/or improperly calculated. Therefore, there is no amount due and owing to Plaintiffs by Sky Heights.

**SIXTH AFFIRMATIVE DEFENSE**

64. Sky Heights has fully performed all of its obligations under the CBA. Therefore, there is no amount due and owing to Plaintiffs by Sky Heights.

**SEVENTH AFFIRMATIVE DEFENSE**

65. Upon information and belief, Plaintiffs have released the claims asserted in the Complaint.

**EIGHTH AFFIRMATIVE DEFENSE**

66. Upon information and belief, Plaintiffs' claims are barred by the terms of the CBA.

**NINTH AFFIRMATIVE DEFENSE**

67. Upon information and belief, Plaintiffs are estopped from asserting the claims in the Complaint.

**TENTH AFFIRMATIVE DEFENSE**

68. Upon information and belief, Plaintiffs have not been damaged in the amount alleged in the Complaint, if at all.

**ELEVENTH AFFIRMATIVE DEFENSE**

69. Upon information and belief, Plaintiffs' claims are barred by the doctrines of equitable estoppel, release, waiver, ratification and/or unclean hands.

**TWELFTH AFFIRMATIVE DEFENSE**

70. Upon information and belief, Plaintiffs' claims are barred by the Statute of Frauds.

**THIRTEENTH AFFIRMATIVE DEFENSE**

71. Sky Heights hereby gives notice that it intends to rely upon such other and further defenses as may become available to it or which become apparent during discovery in this action and reserves the right to amend this Answer to assert any such defenses.

**REQUEST FOR RELIEF**

Based on the above, defendant, Sky Heights Construction Corp., requests that the Complaint be dismissed in its entirety and that Sky Heights Construction Corp. be awarded whatever additional relief the Court deems appropriate, including costs of court and counsel fees.

Dated: East Meadow, New York
June 30, 2026

SKY HEIGHTS CONSTRUCTION CORP.

By: s/Michael J. Rosenthal
Michael J. Rosenthal

Michael J. Rosenthal, Esq.
SAMAAN SHEEHY & GILLESPIE, LLP
90 Merrick Avenue, Suite 802
East Meadow, New York 11554
(516) 794-7500

Counsel for defendant,
Sky Heights Construction Corp.

TO: Adrianna R. Grancio, Esq.
VIRGINIA & AMBINDER, LLP
40 Broad Street, 7th Floor
New York, New York 10004
(212) 943-9080
Email: agrancio@vandallp.com

Counsel for plaintiffs,
Trustees of the Pavers and Road Builders District Council Welfare, Pension, and Annuity Funds and the Trustees of the Local 1010 Apprenticeship, Skill Improvement, and Training Fund